11-3231-ag
Liu v. Holder

BIA
A077 322 603

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of September, two thousand twelve.

PRESENT:
>    JOSÉ A. CABRANES,
>    GERARD E. LYNCH,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

ZEN-HUANG LIU, AKA ZENGHUANG LIU,
>        *Petitioner,*

>        v.                                    11-3231-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Kevin Long, Monterey Park, CA.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Charles S. Greene III, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zen-Huang Liu, a native and citizen of the People's Republic of China, seeks review of a July 19, 2011 order of the BIA denying his motion to reopen his removal proceedings. *In re Zen-Huang Liu*, No. A077 322 603 (B.I.A. July 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Liu's motion to reopen as untimely and number-barred, as it was his third motion to reopen and he filed it more than eight years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Liu did not demonstrate changed conditions in this case.

2

As an initial matter, the record does not support Liu's contention that the BIA did not consider all of his evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (providing that we will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

The record supports the BIA's conclusion that Liu's general evidence of conditions in China—reports and articles describing the persecution of Christians including the Shouters, a group which the Chinese government considers a cult—did not establish a material change in China because State Department reports indicate that such persecution occurred at the time of Liu's 2001 merits hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008)

(reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard).

Additionally, the BIA did not abuse its discretion in declining to credit the affidavits from Liu and his father based on an immigration judge's previous finding that Liu was not credible.[1] *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007) (the BIA did not abuse its discretion in declining to credit unauthenticated documents submitted with a motion to reopen where the alien had been found not credible in the underlying proceedings); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Accordingly, the BIA did not abuse its discretion by denying Liu's motion as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this

---

[1] Liu cites the Ninth Circuit's decision in *Ghadessi v. INS*, 797 F.2d 804 (9th Cir. 1986), to argue that the BIA should have presumed that his affidavit was reliable. However, that case does not govern in this Court.

petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule

34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk